IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO.: 3:20cv584

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | COMPLAINT FOR FORFEITURE |
| ) | *IN REM* |
| APPROXIMATELY $12,106 IN UNITED ) | |
| STATES CURRENCY SEIZED AT ) | |
| CHARLOTTE-DOUGLAS INTERNATIONAL ) | |
| AIRPORT FROM GARY ANDREW FORD ) | |

Now comes the United States of America, Plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

**INTRODUCTION**

1. This is a civil action *in rem,* pursuant to the provisions of 21 U.S.C. § 881(a)(6), against the above-captioned $12,106 in United States Currency ("the Currency") seized on or about June 8, 2020 at Charlotte-Douglas International Airport from Gary Andrew Ford.

2. This civil forfeiture action seeks the forfeiture of all right, title, and interest in the Currency because the Currency constitutes money furnished or intended to be furnished by an person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, is proceeds traceable to such an exchange, and/or is money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846.

3. Procedures for this action are mandated by 21 U.S.C § 881, 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621 and, to the extent applicable, the Supplemental Rules for Admiralty or

Maritime Claims and Asset Forfeiture Actions. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

4. Venue is proper pursuant to 28 U.S.C. § 1395 because the Currency was seized in the Western District of North Carolina.

5. The Currency is now within the Western District of North Carolina.

6. Based on the following facts, verified by Department of Homeland Security, Homeland Security Investigations ("HSI") Task Force Officer ("TFO") Stephen Brown, this action seeks the forfeiture of all right, title, and interest in the Currency.

## SEIZURE OF THE CURRENCY

7. On June 8, 2020, Gary Andrew Ford ("Ford") was en route via American Airlines and the Charlotte-Douglas International Airport ("the Airport") from Charlotte, North Carolina, through a layover in Dallas, Texas, to a final destination of Los Angeles, California. Ford checked one piece of luggage, a black Swiss Gear suitcase with baggage tag.

8. Law enforcement officers—including but not limited to TFO Brown and HSI K9 TFO Jonathan Cerdan were examining checked baggage in the Airport baggage room.

9. TFO Brown noticed an odor of marijuana emanating from the zipper seam of Ford's suitcase, which was destined for Los Angeles, California, a known nationwide source of narcotics. TFO Brown placed the suitcase and other suitcases in a lineup for TFO Cerdan to present to his certified narcotics K9, "Cali." Cali alerted to the odor of narcotics from Ford's suitcase.

10. Based on the positive alert and the fact that Ford's luggage was destined for a known narcotics source location, TFO Cerdan obtained a warrant to search the luggage.

11. During the search of Ford's black suitcase, officers found the Currency in a women's purse.[1] Most of the Currency was held together with rubber bands. In total, officers found $12,106 in Currency in Ford's black Swiss Gear suitcase. The suitcase, pursue, and Currency are pictured as follows:

  

12. The Currency was placed in a second independent blind line up for review by another K9 officer, Pineville Police Department Officer and HSI TFO Todd Bradshaw. TFO Bradshaw assisted TFO Brown and set up a package lineup with four packages. TFO Bradshaw's certified narcotics K9, "Yona," conduct an open air sniff of the packages. K9 Yona alerted positively to the odor of narcotics emanating from package three, the package which contained the Currency seized from Ford's suitcase.

13. The Currency found in the purse located in the black suitcase consisted of the following denominations: three one-hundred dollar bills; two fifty dollar bills; five-hundred-and-eighty twenty dollar bills; twenty-one five dollar bills and one one dollar bill. These

---

[1] Ford was traveling with a female companion. To-date, only Ford has claimed an interest in the Currency, so the female is not further discussed herein. The Government will send notice of this Complaint to the female companion.

denominations, including numerous twenty dollar bills and very few larger bills, are consistent with proceeds of narcotics trafficking.

14. Following the search, officers placed a copy of the search warrant, inventory of seized property, and a HSI seized property receipt in Ford's suitcase and returned the suitcase to American Airlines for transport to Los Angeles. Officers included their contact information in the suitcase so that Ford could inquire about and/or claim the Currency after he arrived in Los Angeles.

**FORD HAS AN EXTENSIVE CRIMINAL HISTORY INVOLVING NARCOTICS**

15. Ford has an extensive criminal history which includes convictions for domestic violence, firearms, and narcotics offenses. Convictions over the last fifteen years and involving narcotics include the following:

- a. On July 27, 2006, Ford was convicted in Charleston County, South Carolina Court of possession of cocaine, unlawful carrying of a weapon, and driving under suspension. HSI is currently investigating the facts that led to this conviction.

- b. On February 19, 2014, Ford was convicted in Charleston County, South Carolina Court of trafficking cocaine. According to law enforcement records, this conviction arose from a July 7, 2011 drug investigation. Ford was a passenger in a vehicle along with two other suspects. Officers stopped the vehicle and found 86.2 grams of cocaine in Ford's possession.

- c. On November 10, 2015, Ford was convicted in North Charleston, South Carolina Court of possession of 28 grams or less of marijuana. According to law enforcement records, this conviction arose from officers responding to a drug complaint on August 20, 2015. Ford was among seven males sitting in a porch area where officers found marijuana and cocaine.

16. Ford's criminal history involving narcotics, including but not limited to trafficking in narcotics, suggest that he may derive income—such as the Currency—from narcotics or carry currency to purchase narcotics.

## FORD HAS LIMITED REPORTED INCOME

17. Pursuant to a check of records of the South Carolina Department of Employment and Workforce, Ford did not have any reported income from 2018-2020, $10,627 in income in 2017, and $3,505.94 in income in 2016. The records further show that Ford recently attempted unsuccessfully to gain unemployment benefits by reporting that he lost his job as a cook for Burger King as a result of the COVID-19 pandemic. Ford's employment and income history does not suggest that he had legitimate income to justify his possession of the Currency while en route to Los Angeles.

## TRAVEL HISTORY

18. Although investigation of Ford's travel in recent years is ongoing, law enforcement has confirmed that, in 2020, Ford made three trips via American Airlines to Los Angeles, including the June 2020 trip originating in Charlotte; a later August 2020 trip originating in Orlando, Florida; and an October 2020 trip originating in Charleston, South Carolina. In all cases, Ford purchased his tickets either on the day before or day of travel. These patterns of frequent trips to Los Angeles via tickets purchased shortly before departure are consistent with transportation of money for purposes of drug trafficking.

## ADMINISTRATIVE FORFEITURE ACTION, CLAIM, AND REQUEST FOR INFORMATION

19. The Department of Homeland Security ultimately initiated an administrative forfeiture proceeding against the Currency and provided notice of the forfeiture to Ford. Ford, through counsel, filed a Claim. Although, prior to filing this Complaint, the U.S. Attorney's Office

solicited information from Ford's counsel about the source of the money, Ford ultimately did not provide any information.

## PRAYER FOR RELIEF

By virtue of the foregoing, all right, title, and interest in the Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Currency be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the Currency to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Currency as required by 28 U.S.C. § 1921.

This 22 day of October, 2020.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

**s/ Benjamin Bain-Creed**
Florida Bar # 0021436
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Email: benjamin.bain-creed@usdoj.gov

## VERIFICATION

Stephen Brown deposes and says under penalty of perjury:

I am a Task Force Officer with the Department of Homeland Security and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____
Task Force Officer Stephen Brown